**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DAVY KOSAL RITH,** ) | |
|             **Plaintiff,** ) | |
| ) | |
| v. ) | Civ. Action No. |
| ) | 1:13-cv-00751-M-LDA |
| **CHASE BANK, N.A., J.P. MORGAN, U.S. BANK,** ) | |
| **NATIONAL ASSOCIATION, ORLANS MORAN,** ) | |
| **PLLC, HARMON LAW OFFICES, MORTGAGE** ) | |
| **ELECTRONIC REGISTRATION SYSTEM,** ) | |
| **(MERS), JOHN AND JANE DOES' 1-50,** ) | |
|             **Defendants.** ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

There are no factual allegations upon which this Court can rely in which to grant Plaintiffs claim for relief. The Complaint is completely devoid of any facts which reference Harmon Law Offices, P.C.,[1] Plaintiff seeks relief based only on conclusions of law and requests directed to the court. In fact, Plaintiff fails to claim any relief directly against Harmon Law Offices, P.C. "Threadbare legal conclusions are insufficient to set forth plausible entitlement to relief" that would permit a Plaintiff to proceed. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, there is a failure to state a claim upon which relief can be granted. Id.

    I. Legal Standard

Plaintiffs' Complaint must contain a "short and plain statement of facts showing that the pleader is entitled to relief". Fed. Rule Civ. Pro. 8(a)(2). While the pleading standard in Rule 8 does not require "detailed factual allegations", it must be "more than an unadorned, the – defendant – lawfully – harmed - me accusation". Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

---

[1] Harmon Law Offices, P.C. is incorrectly identified merely as Harmon Law Offices in the complaint.

As such, the complaint must contain sufficient facts, which if accepted as true, state a claim for relief on its face. Okpoko v. Heinauer, 796 F.Supp.2d 305, 320 (D.R.I. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). To survive a motion to dismiss, the complaint must allege a "plausible entitlement to relief". ACN Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008). In deciding the issue of whether or not the complaint states a claim upon which relief may be granted, the Court must take all well pleaded factual allegations as true and give the plaintiff the benefit of reasonable inferences. Narragansett Electric Company v. Constellation Energy Commodities Group, Inc, 526 F.Supp2d 260, 268 (D.R.I. 2007).

II. Plaintiffs Fail to State a Claim for Relief on Count I

A complaint must set forth a plausible entitlement to relief rather than one that is merely possible. ACN Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008). This Court is not bound to accept a legal conclusion couched as a factual allegation. Okpoko v. Heinauer, 796 F.Supp.2d 305, 321 (D.R.I. 2011). Plaintiff bears the burden to set forth sufficient factual allegations that if true, would entitle her to the relief requested.

Harmon Law Offices, P.C. is counsel for US Bank National Association ("US Bank") in its capacity as trustee of a securitized trust, in the foreclosure proceedings. As an attorney for US Bank, Harmon Law Offices, P.C. has had no contact with the Plaintiff outside of its representation of US Bank in the foreclosure action. In Billie R. Schofield v. US Bank, N.A., et al, C.A. No. 11-170 (RI Dist Ct 2012), the Plaintiff named the lawyers and law firms that represented various defendants in his complaint filed with the US District Court. See Exhibit A, hereto. In doing so, Mr. Schofield failed "to make a single factual allegation or legal assertion against these Defendants". Id. The Complaint filed by Mr. Schofield did not include any factual allegations against Harmon Law

2

Offices P.C. The Schofield Complaint did not set forth sufficient factual allegations against Harmon Law Offices, P.C. and therefore the Motion to Dismiss filed by Harmon Law Offices, P.C. (and other named lawyers and law firms) was granted.

Like the Schofield case, Plaintiff's complaint fails to state any allegations against Harmon Law Offices, P.C. In addition to a lack of factual allegations, there are no specific claims sought against Harmon Law Offices, P.C. A complaint "requires more than labels and conclusions". The facts set forth must be more than bald assertions and unsupported conclusions. The complaint herein is substantially similar to the complaint filed by Mr. Schofield in that the inclusion of a law firm as a party defendant is improper. For the reasons set forth in Judge McConnell's decision in Schofield, the Plaintiff's case should be dismissed pursuant to Rule (12)(b)(6) of the Federal Rules of Civil Procedure.

        Respectfully submitted,
        **HARMON LAW OFFICES, P.C.**
        By its Attorney,

        */s/ Scott C. Owens*
        Scott C. Owens, Esq. #8831
        Harmon Law Offices, P.C.
        150 California Street
        Newton, MA 02458
        Direct:  (617) 558-0738
        Fax:     (617) 243-4038
Dated: February 14, 2014        sowens@harmonlaw.com

## **CERTIFICATION**

I, Scott C. Owens, hereby certify that on this 14th day of February 2014, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants:

Davy Kosal Rith
c/o 780 Reservoir Avenue
Providence, RI 02910

*/s/ Scott C. Owens*